```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

POWERCORE, INC.,

    Plaintiff,

v.                           Case No. 8:15-cv-766-T-33TBM

WESTERN SURETY COMPANY,

    Defendant.

_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Powercore, Inc.'s Motion to Tax Costs (Doc. # 15), filed on May 20, 2015. For the reasons that follow, the Court grants the Motion in part.

**I.  Background**

On March 31, 2015, Plaintiff initiated this action against Defendant Western Surety Company. (Doc. # 1). The Complaint alleges that Defendant is liable to Plaintiff as the surety on a bond posted pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, for the unpaid balance of $20,000.00 that is due and owing for work performed pursuant to the construction contract between Plaintiff and bond principal. (Doc. # 1-2).

Plaintiff effected service on Defendant on April 6, 2015. (Doc. ## 5-6). Defendant failed to file a responsive pleading or any other document. Therefore, on April 30, 2015, Plaintiff filed an application for Clerk's default against Defendant (Doc. # 8), and on May 1, 2015, the Clerk issued its entry of default against Defendant, pursuant to Fed. R. Civ. P. 55(a) (Doc. # 9).

Plaintiff subsequently filed a Motion for Entry of Default Final Judgment (Doc. # 12), which this Court granted (Doc. # 13). Accordingly, on May 18, 2015, the Clerk entered a judgment in favor of Plaintiff and against Defendant in the amount of $20,000.00. (Doc. # 14). Thus, Plaintiff is the prevailing party in this matter. Thereafter, on May 20, 2015, Plaintiff filed the present Motion. (See Doc. # 15).

## II. Standard for Awarding Costs

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54

2

establishes a presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs under Fed. R. Civ. P. 54(d)(1):

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines

the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994). "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Assoc. for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

### III. Plaintiff's Motion to Tax Costs

In conjunction with its Motion, Plaintiff submitted a proposed bill of costs amounting to $487.00. (See Doc. # 16). Plaintiff categorizes its costs as follows (1) fees of the Clerk and (2) fees for service of summons and subpoena. (Id.). The Court will address each category in turn.

#### A. Fees of the Clerk

Plaintiff seeks to recover fees paid to the Clerk in the amount of $400.00. A review of the record reveals that $400.00

4

was the cost associated with Plaintiff initiating this action against Defendant. Thus, the Court determines that Plaintiff's request to recover fees paid to the Clerk is appropriate. Accordingly, Plaintiff's Motion is granted as to the $400.00 cost for the filing fee in this action.

**B.     Fees for Service of Summons and Subpoena**

Plaintiff also seeks to recover "[f]ees for service of summons and subpoena" in the amount of $87.00. (Doc. # 15 at 2; Doc. # 16). "The fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process." J.G. v. Carnival Corp., No. 12-21089-CIV, 2013 WL 5446412, at *4 (S.D. Fla. Sept. 28, 2013). The Marshal charges $65.00 per hour plus travel costs and other out-of-pocket expenses for serving process. See 28 C.F.R. § 0.114(a)(3).

Here, Plaintiff seeks to recover $87.00 in "fees for service of summons and subpoena." (Doc. # 15 at 2; Doc. # 16). In support of its request, Plaintiff submits that the amount was "necessarily incurred . . . and the services for which the costs were incurred were actually and necessarily performed." (Doc. # 15). This contention is supported by the

5

Declaration of Neil A. Saydah, Plaintiff's counsel. (See Doc. # 15-1).

However, the Court notes that Plaintiff has failed to provide documented travel expenses or other out-of-pocket costs incurred by the private process server to justify the $87.00 request. In the absence of such justification, the Court determines that $65.00 is an appropriate recovery for the service of Defendant. See Carnival Corp., 2013 WL 5446412, at *4. Therefore, the Court grants Plaintiff's Motion to the extent that the Court awards Plaintiff $65.00 for "fees for service of summons and subpoena."

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Powercore, Inc.'s Motion to Tax Costs (Doc. # 15) is **GRANTED IN PART**, and as a result, **$465.00** should be taxed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of June, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record